UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERIC EUGENE BALCOM, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JOHN CARAWAY, )<br>)<br>Respondent. )<br>) | No. 2:14-cv-0392-WTL-WGH |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Eric Eugene Balcom was confined within this District when this action was filed and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

The circumstances associated with Balcom's confinement are these: He pleaded guilty in the United States District Court for the Northern District of Florida in 4:02cr52-RH/CAS to conspiring to distribute, and to possess with intent to distribute, more than 50 grams of crack cocaine. Under 21 U.S.C. § 841(b)(1)(A) as in effect at that time, the mandatory sentence was life in prison for a defendant convicted of a crack distribution offense involving 50 grams or more, if the defendant had "two or more prior convictions for a felony drug offense" that had become final. Balcom had two such convictions, both in Florida state courts. One was for possessing cocaine. The other was for possessing cocaine with the intent to distribute it. Balcom was therefore sentenced to life in prison.

Balcom argues in his habeas petition that his enhanced sentence is unlawful.

## II. Discussion

As a general matter, § 2241 is the appropriate means by which to challenge the *execution* of a sentence, while § 2255 is to be used to challenge the validity of a conviction and sentence. *See Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012); *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). Section 2255 generally limits a prisoner to one challenge of his conviction and sentence under § 2255. As the Seventh Circuit has explained, however,

> in a narrow class of cases, under § 2255's "savings clause," a federal prisoner may bring a § 2241 petition if he can show that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008) (quoting § 2255(e)). "Inadequate or ineffective" means that "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

*Hill v. Werlinger,* 695 F.3d 644, 647-648 (7th Cir. 2012).

Balcom has traveled this precise path in his § 2255 motion in the Northern District of Florida. This occurred in his 28 U.S.C. § 2255 motion docketed there as 4:14cv306-RH/CAS, where this claim was presented and rejected on the merits in a decision issued on July 14, 2014.

The § 2255 action Balcom filed in the trial court provided him with all the opportunity the law contemplates. His motion was denied. A certificate of appealability was denied. Despite his dissatisfaction with the outcome, he is not entitled to use § 2241 for another bite at the post-conviction apple. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."). As one district judge has explained:

> The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.

*Irwin v. Fisher*, 2009 WL 1954451, *3 (D.Minn. July 6, 2009); *see also Buford v. Superintendent,* 2008 WL 2783257, *4 (S.D.Ind. July 16, 2008)("The above circumstances show that Buford's § 2241 habeas claim *was* presented and rejected in an action pursuant to 28 U.S.C. § 28 U.S.C. § 2255 . . . that Buford has not advanced a legal theory which establishes his actual innocence. . . . [and] that Buford has not carried his burden of showing that his § 2241 habeas claim can be considered here because § 2255 is inadequate or ineffective to test the legality of his detention."). This action is also completely aligned with the analysis of Judge Caputo of the Middle District of Pennsylvania:

> The allegations of Mr. Santos' habeas petition do not suggest he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a petition under 28 U.S.C. § 2255 would be ineffective or inadequate. Clearly this is not a situation where Mr. Santos did not have a prior opportunity to raise the claims presented in

> his petition. Petitioner filed a motion pursuant to § 2255, raising many of the same claims. He may not file a § 2241 petition simply because he is dissatisfied with the results of his previous § 2255 petition. The remedy afforded under § 2241 is not intended as an additional, alternative, or supplemental remedy to that prescribed under § 2255. Thus, upon careful review, the representations of Felix Santos' present petition are simply insufficient to persuade the Court that 28 U.S.C. § 2255 would be either ineffective or inadequate to test the legality of his detention. Furthermore, Petitioner does not suggest he stands convicted for conduct later deemed to be noncriminal by a change in law allowing him to invoke the "savings clause" of § 2255(e).

*Santos v. United States*, 2010 WL 181744, at *2 (M.D.Pa. Jan. 13, 2010). These are not new insights. "Something more than mere disagreement [with the previous habeas court] must be shown to justify a successive habeas petition." *Williams v. Lockhart,* 862 F.2d 155, 158 (8th Cir. 1988)(quoting *Walker v. Lockhart,* 726 F.2d 1238, 1250 (8th Cir.)(en banc)(Arnold, J., concurring), *cert. dismissed,* 468 U.S. 1222 (1984)).

Based on the foregoing, Balcom has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 7/22/15

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Eric Eugene Balcom
11710-017
FCI Jesup
2680 HWY 301 South
Jesup, GA 31599